**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| **LEONARD JENKINS,** | : | **Case No. 2:26-cv-706** |
| | : | |
| **Plaintiff,** | : | |
| | : | **Chief Judge Sarah D. Morrison** |
| **vs.** | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **DR. MINA MARKARY, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff has filed a prisoner civil rights complaint in this Court. (*See* ECF No. 1-1). To date, Plaintiff has not paid the filing fee or filed a complete application for leave to proceed *in forma pauperis*. He has been given a number of chances to do so.

On June 10, 2026, Plaintiff filed a motion for leave to proceed *in forma pauperis* but failed to provide a certified copy of his prison trust fund account statement for the proper six-month period immediately preceding the date of initiating this lawsuit. (ECF No. 1). On June 15, 2026, the Undersigned ordered Plaintiff to cure the deficiency or to pay the full civil filing fee. (ECF No. 2).

On July 6, 2026, Plaintiff filed a second motion for leave to proceed *in forma pauperis*, attempting to comply with the Court's first Deficiency Order. (ECF No. 3). Although Plaintiff provided a prison trust fund account statement from the correct six-month period, the statement was not certified, nor did Plaintiff submit a signed Certificate page (page 8 of the Application and

Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court, completed and signed by the institutional cashier). (*See id.*).

On July 8, 2026, the Court issued a second Deficiency Order, directing Plaintiff to either pay the required filing fee or file a completed motion for leave to proceed *in forma pauperis* with a certified account statement and Certificate page, signed by the prison cashier, within thirty days if he wished to proceed with this action. (ECF No. 4). Plaintiff was advised that if he did not comply with the Court's Order his case would be dismissed for the failure to prosecute. (*Id*. at PageID 47).

Receiving no response to the second Deficiency Order, the Undersigned provided Plaintiff with one more opportunity to comply, issuing a Show Cause Order on August 19, 2026, directing Plaintiff to explain why his case should not be dismissed for failing to comply with the previous order. (ECF No. 5, PageID ## 50–51). Additionally, Plaintiff was again ordered to pay the full filing fee or submit a completed application to proceed *in forma pauperis* with a certified trust fund account statement by September 18, 2026. (*Id.* at PageID # 51). Plaintiff was warned that failure to comply with the Show Cause Order would result in a recommendation to dismiss his case. (*Id.*).

That date has now passed, and Plaintiff has failed to submit a completed *in forma pauperis* application or otherwise respond.

Failure of a party to respond to an order of the Court implicates the Court's inherent power. *See* Fed. R. Civ. P. 41(b). "District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also*

*Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal.").

Plaintiff's failure to pay the filing fee or to submit a completed application shows that he has abandoned his claims. As warned, the Undersigned therefore **RECOMMENDS** that this matter be **DISMISSED** for want of prosecution. *See In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997).

The Undersigned further **RECOMMENDS** certifying that any appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Plaintiff may file objections to this Report and Recommendations in accordance with the attached Notice Regarding Objections.

**IT IS SO RECOMMENDED.**

**Date: September 28, 2026**

*s/ S. Courter M. Shimeall*
**S. Courter M. Shimeall**
**United States Magistrate Judge**

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).