**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LEONARD JENKINS**

**Plaintiff,** :

**v.**

**DR. MINA MARKARY, *et al.*,** :

**Defendants.**

**Case No. 2:26-cv-706**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION AND ORDER

Leonard Jenkins, an Ohio inmate proceeding without the assistance of counsel, initiated this action in June 2026. He filed a motion for leave to proceed *in forma pauperis* ("IFP"), but his IFP application did not include a signed affidavit or a certified copy of his trust fund account statement as required by the Prison Litigation Reform Act. (ECF No. 1.) The Magistrate Judge notified Mr. Jenkins of these deficiencies and ordered him to either pay the filing fee or submit a completed IFP application. (ECF No. 2.) The Magistrate Judge also warned Mr. Jenkins that failure to comply with the Order would lead to dismissal of his case for failure to prosecute. (*Id.*)

Mr. Jenkins then filed a second motion for leave to proceed *in forma pauperis*, but he failed to submit a signed affidavit with his IFP application. (ECF No. 3.) The Magistrate Judge issued a second Deficiency Order, directing Mr. Jenkins to file a complete motion for leave to proceed IFP or pay the filing fee within 30 days. (ECF

No. 4.) Mr. Jenkins was again advised that failure to comply with the Order would lead to dismissal of his case for failure to prosecute. (*Id.*)

After the deadline passed without payment or a corrected motion, the Magistrate Judge ordered Mr. Jenkins to show cause by September 16 as to why his case should not be dismissed for failure to prosecute or comply with Court orders. (ECF No. 5.) Mr. Jenkins was warned that failure to comply with the Order would result in a recommendation of dismissal. (*Id.*) When Mr. Jenkins did not comply by the deadline, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that his case be dismissed for failure to prosecute. (R&R, ECF No. 6.) The Magistrate Judge also recommended that the Court certify that any appeal of the dismissal would not be taken in good faith. (*Id.*, PAGEID # 54.)

Mr. Jenkins was advised of the right to file objections to the R&R and the consequences of failing to do so. (*Id.*, PAGEID ## 54–55.) The time for filing objections has passed, and no objections have been filed. And, to date, Mr. Jenkins has not paid the filing fee or filed a complete IFP application.

A district court has inherent authority to dismiss a plaintiff's action for failure to prosecute or failure to comply with court orders. Fed. R. Civ. P. 41(b). Mr. Jenkins has failed to comply with multiple orders despite notice of the consequences for doing so. Thus, the Court **ADOPTS** and **AFFIRMS** the R&R (ECF No. 6). This action is **DISMISSED without prejudice** for lack of prosecution and failure to comply with a Court Order. The Court **CERTIFIES** that an appeal of this Order would not be taken in good faith and that any application to proceed IFP on appeal

should be denied. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**